## Commonwealth v. Melnicoff

*John A. Boyle*, assistant district attorney, for Commonwealth.

*Lemuel B. Schofield*, for defendant.

BROWN, JR., J., April 5, 1938.—This case is presently before the court upon defendant's petition to have the court appoint a competent and qualified physician, with experience in connection with patients addicted to the use of narcotic drugs, to examine one Frank Reynolds, a wit-

ness for the Commonwealth, and report his conclusions and opinion to the court, and the answer of the District Attorney thereto.

Following defendant's indictment for murder, and voluntary and involuntary manslaughter, and his pleading not guilty thereto, the case was listed for trial on February 23, 1938. On February 21, 1938, defendant presented this petition, and the trial of the case was thereupon continued. On March 3, 1938, the District Attorney filed an answer on behalf of the Commonwealth, and the issue thus raised by the petition and answer was presented to the court on the miscellaneous argument list for determination.

The reason assigned and averred in the petition for the examination of Reynolds, who is blind, and who is alleged to be the only witness to the killing, is that he "has been addicted to the use of narcotic drugs for a great period of years to such an extent that his physical and mental condition is impaired so that his statements are imaginary and fanciful and the result of illusions, and are not founded upon truth and fact", and, therefore, "it is necessary in the interest of truth, justice and a fair and impartial trial to present to the jury evidence of the physical and mental condition of the said Frank Reynolds and its relationship to the truth and accuracy of his testimony."

The contention of the district attorney, as set forth in his answer to the petition, is that "at the trial of said case the defendant will have opportunity to test the competency and credibility of the said Frank Reynolds," and that "the prayer of the petition of the said defendant is . . . a premature attempt to discredit and disqualify an important witness for the Commonwealth."

The general rule is that a lunatic or person affected with insanity or of unsound mind must at the time of his examination be so under the influence of his malady as to be deprived of that "share of understanding" which is necessary to enable him to retain in memory the events

of which he has been a witness, and give him a knowledge of right and wrong. If at the time of his examination he has this share of understanding, he is competent: Commonwealth v. Loomis, 270 Pa. 254, 258. Such a person "is admissible as a witness if he has sufficient understanding to apprehend the obligation of an oath, and to be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue": Commonwealth v. Kosh, 305 Pa. 146, 156. Thus in Commonwealth v. Loomis, supra, a prior adjudication that a witness was insane or mentally incompetent was held not to be conclusive that he remained so, or that his condition continued so as to disqualify him as a witness, but it was necessary to show that he was incompetent at the time of trial. It necessarily follows that the mental competency of a witness must be determined as of the time he is called upon to testify.

"The question of the mental soundness of one offered as a witness in its bearing on his competency has often been declared to be a question for the trial court": Commonwealth v. Kosh, supra, 155, and cases there cited. Its determination rests, and properly so, with the trial judge, who sees and hears the witness, and thus has the fullest opportunity to observe his words and conduct. Motions or petitions do not raise the doubt of the mental soundness of a witness, but observation might do so, and if, after hearing the testimony of the witness, and observing his manner and demeanor, the trial judge has some doubt of his mental soundness, an examination may be ordered. The trial judge is, however, not bound to enter such order merely because defendant or his counsel request that it be done, "and it is only when a real doubt exists in the mind of the trial judge that it becomes his duty to grant the inquest": Commonwealth v. Kosh, supra, 155, 156.

True, in Commonwealth v. Loomis, supra, in determining that error had been committed in the admission of the

4

former testimony of a witness for the Commonwealth without proof of his present incompetency, the Supreme Court stated, at page 260: "Had a preliminary investigation been made to show the possibility of his appearance". But that had to do with the examination by the Commonwealth of its own witness, and not with the examination of a witness for the adverse party under order of the court.

Again, in Commonwealth v. Kosh, supra, the Supreme Court was referring to the procedure to be followed by a defendant or other adverse party, and not to the duty of the court, when it stated, at page 154: "If a party knows before trial that a witness is incompetent on account of his mental condition he must make his objection before the witness has given any testimony, and if the incompetency appears on the trial an objection must be interposed as soon as the incompetency becomes apparent". The objection having been made, the question of the competency of the witness becomes one, as pointed out above, for the trial judge to pass upon.

A present determination that the mental condition of Reynolds, the witness in this case, is such that he has illusions and his statements are imaginary and fanciful, would not be conclusive that such a condition of mind will continue so as to disqualify him as a witness at the time of trial. If at that time he understands the nature of an oath and has sufficient mental power to give a correct account of what he heard, he will be competent to testify. His testimonial ability must necessarily be determined at the time when he is called upon to testify, and ample opportunity will then be afforded defendant to show that he is incompetent. The trial judge will have the opportunity of seeing and hearing him, and if the trial judge doubts his mental competency, the trial judge may make or order such examination or investigation, either public or private, as is deemed proper under the circumstances presented in order that the ends of justice may be met,

and a fair and impartial result reached with respect to the Commonwealth and defendant.

Defendant's petition is, therefore, dismissed without prejudice to his right to challenge the mental competency of the witness at the time of trial.